# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**In re:**

**The Rookwood Corporation**

**Debtor**

Case no. 11-12756
Chapter 11
Judge Hopkins

## UNITED STATES TRUSTEE'S MOTION
## REQUESTING ORDER DIRECTING THE APPOINTMENT OF A TRUSTEE
## PURSUANT TO § 1104 OR CONVERTING/DISMISSING THE CASE
## PURSUANT TO § 1112

Pursuant to his authority under 11 U.S.C. Sections 307 and 1104(a), and 28 U.S.C. Section 586(a)(3), Daniel M. McDermott, United States Trustee for Region 9, respectfully requests that this Court issue an order directing the United States Trustee to appoint a Trustee in the above-captioned case, or in the alternative converting the case to a case under Chapter 7 of the Bankruptcy Code. The United States Trustee states the following in support of his Motion:

### JURISDICTION AND VENUE

1. On May 4, 2011 (the "Petition Date"), an Involuntary Petition was filed by petitioning creditors Alfred Berger Jr., Sharri Rammelsberg, and Christopher Rose (the "Petitioning Creditors")(Doc#1). The Debtor did not respond or otherwise contest the filing, and the Order of Relief was entered on May 27, 2011.

2. This is a core proceeding under 28 U.S.C. §157(b)(2)(A).

3. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334 and 157(a).

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory predicate for the relief requested herein is 11 U.S.C. §§ 1104(a)(2) and 1104(a)(3), and in the alternative, §1112.

6. The United States Trustee has standing to file this motion pursuant to 11 U.S.C. §§ 307, 1104(a); and 28 U.S.C. § 586(a)(3).

## **BACKGROUND**

7. As stated above, this case commenced by the filing of an involuntary petition against the Debtor by the Petitioning Creditors. The Order for Relief allowed the Debtor seven days to file the equivalent of a list of creditors (Doc. #8). To date, the Debtor has not complied with this Order.

8. The Petitioning Creditors have taken no further action in this case. Currently, there are no documents on file from which interested parties can ascertain the financial condition of the Debtor, and there is no list of creditors from which the United States Trustee can solicit a committee.

9. Currently this case is stalled. Debtor is not represented by counsel, and has not filed the documents required by the Order of Relief. It does not appear that the Debtor intends to comply with the debtor's duties as delineated in §521. The Petitioning Creditors have not taken action regarding this case. Unless a Trustee is appointed, or the case converts or is dismissed, this case will continue to stagnate.

# MEMORANDUM OF LAW

A.  **Appointment of Chapter 11 Trustee**

10. "At any time after the commencement of a case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee–(1) for cause, ...; [or] (2) if such appointment is in the interests of creditors...." See 11 U.S.C. § 1104(a).

11. 11 U.S.C. § 1104(a) provides three different basis' for appointing a Trustee. Under §1104(a)(1), a trustee may be appointed for "cause, including fraud, dishonesty, incompetence or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case". Section 1104(a)(2) allows for the appointment of a trustee if the "appointment is in the interests of creditors". Finally, §1104(a)(3) permits the appointment of trustee if "grounds exist to convert or dismiss the case under section 1112, but the court determines that the appointment of a trustee or an examiner is in the best interests of creditors and the estate."

12. At this time, the United States Trustee does not have sufficient information regarding the case to determine if gross mismanagement by current management took place. However, the United States Trustee believes that the appointment of a Trustee is under §1104(a)(2) would be in the best interest of the creditors. The Debtor did not contest the filing of the involuntary petition; rather it allowed the Order of Relief to be entered, and now clearly does not intend to file documents in this case. It would be in the

best interests of the creditors for a Chapter 11 Trustee to be appointed who can oversee the current management and operations, and comply with the Court's Orders and the Debtor's duties under the Bankruptcy Code.

13. Finally, under 11 U.S.C. §1104(a)(3), the Court may appoint a Trustee in lieu of conversion or dismissal under §1112. As detailed below, there exist sufficient grounds to convert or dismiss this case.

**B. In the alternative, the Court should convert this case to a Chapter 7 case or dismiss the case.**

14. In the event the Court does not agree with the appointment of a Chapter 11 Trustee, the case must be converted or dismissed under §1112. Sufficient cause exists to warrant dismissal of this case:

15. 11 U.S.C. §1112(b)(4)(E) finds "cause" for dismissal or conversion to exist for failure to comply with an order of the court. The Debtor failed to comply with the Order of Relief by not filing the list of creditors as required in the Order.

16. 11 U.S.C. §1112(b)(4)(F) finds "cause" for dismissal or conversion to exist for an unexcused failure to satisfy timely any filing or reporting requirement. Rule 1007 of the Federal Rules of Bankruptcy Procedure requires an involuntary debtor to file its schedules, statements, and other documents required, within fourteen days of the date of the Order of Relief. (F.R.B.P. 1007(c).) Additionally, Rule 1007 requires an involuntary debtor to file its list of creditors within 7 days from the date of the Order of Relief.

4

(F.R.B.P. 1007(a)(2).)  The Debtor has failed to comply with these filing requirements, providing the requisite cause for dismissal or conversion.

## **CONCLUSION**

Clearly sufficient cause exists to appoint a Chapter 11 Trustee, convert the case to a proceeding under Chapter 7, or dismiss the case.  The United States Trustee respectfully requests this Court set a hearing to determine which of the options is most beneficial to the estate and its creditors.

Respectfully Submitted,

Dated:  June 16, 2011

Daniel M. McDermott
United States Trustee
Region 9

By:  /s/ Monica V. Kindt
Monica V. Kindt (#0073085)
Assistant U.S. Trustee
United States Department of Justice
Office of the United States Trustee
36 East Seventh Street, Suite 2030
Cincinnati, Ohio 45202
(513) 684-6988 x226
Fax (513) 684-6994
Monica.kindt@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2011, a copy of the foregoing Motion for Appointment of Chapter 11 Trustee was served on the following registered ECF participants, electronically through the Court's ECF System at the e-mail address registered with the Court:

Reuel Ash, Esq.

Timothy Hurley, Esq.


The Rookwood Corporation
1920 Race Street
Cincinnati, OH 45202

BY: /S/ MONICA V. KINDT
MONICA V. KINDT